FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 1 3 2009

JAMES N. HATTEN, Clerk
By White Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MARIANNE E. LATTAL, | |
| Plaintiff, | Civil Action File No: **-CAM** |
| v. | **1 09-cv-1863** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Marianne E. Lattal, by and through counsel, brings this action against Defendant Portfolio Recovery Associates, LLC on the grounds set forth herein.

## INTRODUCTION

1.    This is an action for actual damages, statutory damages, attorney's fees and costs of this action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.;* and treble damages, attorney's fees and costs of this action pursuant to Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-391 *et seq.*

2.   Defendant violated the FDCPA and FBPA by repeatedly communicating and attempting to communicate with Plaintiff in an effort to collect an alleged debt after Plaintiff informed Defendant in writing to cease and desist from communicating with Plaintiff about the alleged debt.

## JURISDICTION

3.   Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for pendent state law claims.

4.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.   Plaintiff is a natural person who resides in the County of Cherokee, State of Georgia.

6.   Plaintiff is a "consumer" as that term is defined by the FDCPA.  15 U.S.C. § 1692a(3).

7.   Defendant is a Delaware limited liability company.

8.   Defendant's principal office address is 1035 Downshire Chase, Virginia Beach, Virginia  23452.

2

9.    The name and address of Defendant's registered agent is Judith Scott, who may be served with legal process at 120 Corporate Blvd., Norfolk, Virginia 23502.

10.   Defendant's registered agent may be served with legal process at the aforesaid address.

11.   Defendant is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12.   Defendant was engaged in the collection of a consumer debt allegedly owed by Plaintiff.

13.   On or about December 16, 2005, Defendant mailed Plaintiff a collection letter.

14.   Defendant subsequently mailed additional collection letters to Plaintiff.

15.   On or about July 21, 2006, Plaintiff sent a letter to Defendant via Federal Express ("Plaintiff's Letter").

16.   A true and correct copy of Plaintiff's Letter is attached hereto as Exhibit "A," except that Plaintiff's address, social security number, and account numbers have been redacted in part or in full.

17. Plaintiff's Letter stated, in part: "I am in receipt of your letter dated March 22, 2006 and am advising you that you are to cease and desist all communication and collection efforts regarding the above referenced account pursuant to the F.D.C.P.A."

18. Defendant received Plaintiff's Letter on or about July 25, 2006.

19. On or about May 26, 2009, Defendant mailed a collection letter to Plaintiff.

20. Defendant made telephone calls to Plaintiff after receiving Plaintiff's Letter.

21. Defendant made telephone calls to Plaintiff on or about June 23, 24, 26 and 28, 2009.

22. On or about June 23, 2009, an employee of Defendant who identified himself as "Josh" left a voice mail message for Plaintiff, which instructed Plaintiff to return a call to Defendant's phone number but did not reveal Defendant's name, that the caller was a debt collector, or that the purpose of the call was to collect a debt.

23. Defendant's voice mail message of June 23, 2009, was a violation of the FDCPA. Edwards v. Niagara Credit Solutions, Inc., 586 F. Supp.2d 1346 (N.D.Ga. 2008).

## CAUSES OF ACTION

## COUNT ONE: VIOLATIONS OF THE

## FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to violations of 15 U.S.C. §§ 1692c(c), 1692d, 1692d(6) and 1692e(11) .

26. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT TWO: VIOLATIONS OF

## GEORGIA'S FAIR BUSINESS PRACTICES ACT

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." O.C.G.A. § 10-1-391(a).

5

29. A violation of the FDCPA also constitutes a violation of the FBPA. <u>1st</u>
    <u>Nationwide Collection Agency, Inc. v. Werner</u>, 288 Ga.App. 457, 654
    S.E.2d 428 (2007).

30. Defendant's acts violated the FBPA.

31. Defendant's violations of the FDCPA and FBPA were intentional.

32. Pursuant to the FBPA, Defendant is liable to Plaintiff for an award of three
    times Plaintiff's damages.

33. Pursuant to the FBPA, Plaintiff is entitled to an award of reasonable
    attorney's fees and expenses of litigation.

## **TRIAL BY JURY**

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

- for an award of statutory damages in the amount of $1,000.00 pursuant to
  15 U.S.C. §1692k(a)(2)(A);

- for an award of treble damages pursuant to the FBPA;

- for an award of costs of litigation and reasonable attorneys' fees pursuant
  to 15 U.S.C. § 1692k(a)(3) and the FBPA; and

- for such other and further relief as may be just and proper.

6

Respectfully submitted,

Dated: July 3, 2009

By: _____

Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com
**Attorney for Plaintiff**

7

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies

with the font and point setting approved by the Court in Local R. 5.1(B).  The

foregoing COMPLAINT was prepared on a computer, using Times New Roman

14 point font.

      This 3rd day of July, 2009.

Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com



**LATTAL**

Portfolio Recovery Associates
140 Corporate Dr
Norfolk,Va 23502

VIA FED EXPRESS 851856980371

July 21,2006

RE: ███████████4917
SS# ███████████

To whom it may concern,
I am in receipt of your letter dated March 22,2006 and am advising you that you are to cease and desist all communication and collection efforts regarding the above referenced account pursuant the F.D.C.P.A.

Respectfully,
Marianne Lattal